Case 2:16-cv-00381 Document 8 Filed in TXSD on 10/28/16 Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
October 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TAYNA STEGALL, *et al*, § § Plaintiffs, § VS. § JUAN F. CASILLAS; dba COMMODORE § ARMS APARTMENTS, *et al*, § § Defendants. § | CIVIL ACTION NO. 2:16-CV-381 |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND (docket # 5)

On this day came on for consideration the Motion to Remand filed by the Plaintiff, Tonya Stegall, Individually and as next Friend of K.S., a minor ("Plaintiffs"). The Court, having reviewed the Motion to Remand and the response thereto, finds that the Motion to Remand should be denied for the reasons stated below.

**I. Background**

Plaintiffs allege that K.S., a minor, was involved in a slip and fall incident at the Commodore Arms Apartments (the "Apartments") on October 3, 2014, in Corpus Christi, Texas. At the time of the incident, the Apartments were owned by Defendants Juan F. Casillas and Debra M. Casillas, individuals who are residents of California (the "Casillas"). Defendant Zeba, LLC ("Zeba") purchased the Apartments on April 12, 2016, approximately eighteen months after the alleged injury occurred. Plaintiffs filed their lawsuit in Nueces County Court at Law No. 1 on June 23, 2016. Plaintiffs alleged in the lawsuit that Zeba, a Texas corporation, assumed the liabilities of the Casillas when it purchased the Apartments.

Zeba was served with citation on August 10, 2016. The Notice of Removal was filed August 9, 2016, which is within the 30 day time limit of 28 U.S.C. §1446(b)(1). Plaintiffs filed their Motion to Remand on October 10, 2016, which is one day past the 30 day limit of 28 U.S.C. §1447(c). However, Plaintiffs argue in the Motion to Remand that the Court lacks subject matter jurisdiction because there is not complete diversity. Accordingly, the 30 day limit does not apply. 28 U.S.C. §1447(c).

## II. Discussion

### A. General Removal Principles

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a); *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A court, however, "must presume that a suit lies outside its limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *see also Manguno*, 276 F.3d at 723. In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno, supra.; citing Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."). When subject matter jurisdiction is improper, a court may raise the issue *sua sponte. See Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) ("We are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*." (citations omitted)); *H&D Tire and Auto. Hardware v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000) ("We have a duty to raise the issue of subject matter jurisdiction *sua sponte*."). Subject matter jurisdiction can be raised at any time before final judgment. 28 U.S.C. §1447(c).

It is well-settled that the removing party bears the burden of showing that the removal was proper. *See Manguno*, 276 F.3d at 723; *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995). The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993).

Where a non-diverse defendant, such as Zeba, has been improperly joined, a court may disregard the non-diverse defendant for the purpose of determining diversity jurisdiction. *Carriere v. Sear, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 2001). A non-diverse defendant may remove a case based on improper joinder. *Moreno Energy, Inc., v. Marathon Oil Co.*, 884 F.Supp.2d 577, 588 (S.D.Tex. 2012); see also, *Bova v. U.S. Bank, N.A.* 446 F.Supp.2d 926, 931 (S.D.Ill. 2006)("Plaintiffs have not cited, and the Court's research has not disclosed, any authority indicating that this case must be remanded because the removing Defendant is also a diversity-defeating party that claims to have been fraudulently joined."); *Rymer v. Travelers Indem. Co.*, 2016 WL 4815038 at *1 (M.D. Fla. 2016)("Removal by a fraudulently joined defendant does not render the removal procedurally defective."). This position is not inconsistent with a previous ruling in this District and Division, in which a case removed by the improperly joined defendant was remanded because, in that case, the other defendants did not consent to removal, causing the court to note the "unusual posture" of the case, where the only parties seeking diversity jurisdiction were the parties not entitled to it. *Canyon Supply & Logistics, LLC v. Max Financial, LLC*, 2013 WL 2189956 at *2 (S.D. Tex. 2013). Here, the diverse defendants,

the Casillas, consent to removal and expressed their desire to proceed in federal court pursuant to this Court's diversity jurisdiction. (Ex. C to Notice of Removal).

### B. Diversity Jurisdiction

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. 28 U.S.C. § 1332(a). A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). A district court may disregard the defendant's citizenship if the defendant was improperly joined in the action. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-573 (5th Cir. 2004). In this case, unless Zeba can show improper joinder, complete diversity is lacking because Plaintiff is a citizen of the State of Texas and Defendant Zeba is a Domestic Limited Liability Company established in the State of Texas on June 18,2012. *See Corfield*, 355 F.3d at 857. Zeba argues that this Court should disregard its citizenship because it has not been properly joined and no reasonable basis exists to support Plaintiffs' claims against it. Without Zeba as a defendant, the requirements for diversity jurisdiction are present because the amount in controversy is greater than $75,000 and complete diversity exists between Plaintiffs and the Casillas.

### C. Improper Joinder

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of

action against the non-diverse defendant in state court. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Zeba makes no allegation of actual fraud and therefore must establish that it was improperly joined by demonstrating that there is no possibility of recovery by Plaintiff against Zeba, the non-diverse Defendant. *See Crockett*, 436 F.3d at 532. "Únder the second prong (inability to establish a cause of action), the court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability. This means there must be a *reasonable* basis for predicting that state law might impose liability, not merely a *theoretical* one." *Campbell, supra. at 669.* (internal quotes and citations omitted)(emphasis in original).

The Court resolves this matter by conducting an analysis under a process similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *see also Boone*, 416 F.3d at 388; *Smallwood*, 385 F.3d at 573. The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [its state law] claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory*, 434 F.3d at 308.

"Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *See Smallwood*, 385 F.3d at 573. Only in cases where a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder [may the district court,] in its discretion, pierce the pleadings and conduct a summary inquiry." *Id*. Even then, a finding of

improper joinder is only appropriate if "as a matter of law, there [is] no reasonable basis for predicting that the plaintiff might establish liability against a named in-state defendant in state court." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 390 (5th Cir. 2000) (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995)). If the removing defendant fails to establish improper joinder then there is not complete diversity of citizenship among the parties, and the court does not have diversity jurisdiction over the case. 28 U.S.C. § 1332, 1447(c). In that event "the case shall be remanded." 28 U.S.C. § 1447(c). However, "[w]hile the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

In fact, the Fifth Circuit Court of Appeals has "consistently recognized that diversity removal may be based on evidence outside the pleadings to establish that the plaintiff has no possibility of recovery on the claim or claims asserted against the named resident defendant and that hence such defendant is fraudulently joined and his citizenship must be disregarded for jurisdiction purpose." *Badon, supra* at 389-90; citing *Keating v. Shell Chemical Co.,* 610 F.2d 328, 333 (5th Cir.1980); *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995). *See also, e.g., LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992) ("In this circuit, a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment.... A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties"); *Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990) ("When determining fraudulent joinder, the district court may

look to the facts as established by summary judgment evidence as well as the controlling state law").

Although district courts are cautioned not to pre-try a case to determine removal jurisdiction, the court may consider "summary judgment-type evidence such as affidavits and deposition testimony" in determining whether there is fraudulent joinder. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). For these reasons and on this authority, the Court will consider the Affidavit of Mohammad Reza Motaghi (the "Affidavit") attached as an exhibit to Zeba's Notice of Removal and exhibits to the Affidavit.

### D. Possibility of Recovery Against Non-Diverse Defendant

The case at bar is a slip and fall case in which it is undisputed that Zeba did not acquire any interest in the Apartments where the incident allegedly occurred until eighteen months after the incident. Plaintiffs claim that Zeba, the non-diverse defendant, assumed liability for Plaintiffs' alleged injury when it purchased the Apartments. Plaintiffs allege that Zeba "[a]s the successor in interest and current owner of the [Apartments]... has assumed the liabilities of [the Casillas]." (*Plaintiff's Original Petition,* Ex. A-4 to D.E.1, ¶15).

Plaintiffs' only basis for their allegation of assumed liability is paragraph 19(B)(2) of the Commercial Contract – Improved Property (the "Contract")(ex. B-1 to the Affidavit), which states that "Seller is not aware of: (2) any pending or threatened litigation, condemnation, or assessment affecting the Property." According to Plaintiffs, this paragraph is proof of Zeba's assumption of liability because if there was no assumption of liability, there would be no need for disclosure. Putting aside Plaintiffs' questionable logic, Texas law holds that absent an express assumption of liability, an entity that acquires another's assets is not a successor and cannot be held liable for a liability that is not expressly assumed. *E-quest Mgmt., L.L.C. v. Shaw*, 433

S.W.3d 18, 23-4 (Tex. App.-Houston [1st Dist.] 2013, reh'g overruled); *Allied Home Mortg. Corp. v. Donova*n, 830 F.Supp.2d 223, 233 (S.D.Tex. 2011). The Texas Business Organizations Code codifies the non-liability of successors, stating as follows: "Except as otherwise expressly provided by another statute, a person acquiring property described by this section may not be held responsible or liable for a liability or obligation of the transferring domestic entity that is not expressly assumed by the person." TEX. BUS. ORGS. CODE §10.254.

"Thus, in Texas, there is no successor in interest when an acquiring corporation does not expressly agree to assume the liabilities of the other party to an agreement because 'successor' has a specialized meaning 'beyond simple acquisition.'" *E-Quest*, *supra* at 24; citing *Sitaram v. Aetna U.S. Healthcare of N. Tex., Inc*., 152 S.W.3d 817, 828 (Tex.App.-Texarkana 2004, no pet.); see also *Allied Home Mortg. Corp*, *supra* at 233.

Plaintiffs argue that Zeba is liable because the Contract does not state that Zeba "did not assume previous liability." Silence as to assumption of liability does not satisfy Texas' strong position in favor of non-liability.  See, e.g., *Innovation Ventures, L.L.C. v. Custom Nutrition Labs, L.L.C.*, 2015 WL 5679879 at *11-12 (E.D. Mich. 2105)applying Texas law). To the contrary, the acquiring party must expressly agree to assume the liability. *E-Quest, supra*.; *Allied Home Mortg.Corp., supra* at 234; *Innovation Ventures, L.L.C.*, *supra*; *Farouk Sys., Inc. v. AG Glob. Prod., LLC*,  2016 WL 1322315, at *7 (S.D. Tex. 2016)( the only means by which successor liability may be imposed under Texas law against a transferee of assets are "(1) express assumption or (2) liability conferred by another statute."). Here, neither the Contract nor the Warranty Deed with Vendor's Lien (Exs. B-1 and B-2 to Ex. B of the Affidavit) contain any express assumption of liability by Zeba. The Court finds that Zeba did not expressly assume

8 / 9

liability. Accordingly, Zeba has no successor liability to Plaintiffs and the Court finds as a matter of law that Plaintiffs fail to state a cause of action against Zeba.

### III. Conclusion

For the reasons stated above, this Court determines that Zeba was improperly joined because Plaintiffs are unable to establish a cause of action against Zeba as a matter of law. Accordingly, Zeba is hereby DISMISSED. *Moreno energy, supra* at 587-88. The Court further finds that the Motion Remand is hereby DENIED because, without Zeba as a party, complete diversity exists between Plaintiffs and Defendants.

SIGNED and ORDERED this 28th day of October, 2016.

_____
Janis Graham Jack
Senior United States District Judge